UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ALLYSON F.,[1] | : | Case No. 2:23-cv-3166 |
| Plaintiff, | : | |
| vs. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[2]

Plaintiff Allyson F. brings this case challenging the Social Security Administration's denial of her application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and the administrative record (Doc. #7).

**I.      Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 423(a)(1). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on May 1, 2020, alleging disability due to several impairments, including "fibromyalgia, spinal stenosis, attention deficit hyperactivity disorder (ADHD), depression, anxiety, myofascial pain syndrome, headaches, Cluster B personality – most likely Borderline Personality, herniated disc, and degenerative disc disease." (Doc. #7-6, *PageID* #206).  After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Irma J. Flottman.  Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520.  She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since April 6, 2019.

Step 2: She has the severe impairments of degenerative disc and joint disease of the cervical, thoracic, and lumbar spines; polyarthralgia/fibromyalgia/myofascial pain syndrome; obesity; a depressive disorder; an adjustment disorder; an anxiety disorder; [ADHD], a personality disorder; and a marijuana use disorder.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "perform[ing] light work … except [Plaintiff] could frequently kneel, crouch, crawl, and climb ramps and stairs. She could occasionally stoop and climb ladders, ropes, and scaffolds. [Plaintiff] should avoid concentrated exposure to extreme cold, extreme heat, humidity, and hazards. Mentally, [she] could perform short cycle tasks where there are no strict production standards or quotas or fast-paced demand. She could interact with the general public, coworkers, and supervisors on an occasional basis, without tandem tasks and without over the shoulder supervision."

She is unable to perform any of her past relevant work.

Step 5: She could perform a significant number of jobs that exist in the national economy.

(Doc. #7-2, *PageID* #s 40, 43). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability since April 6, 2019, the date the application was filed. *Id.* at 56-57.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 37-57), Plaintiff's Statement of Errors (Doc. #8), and the Commissioner's Memorandum in Opposition (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.** **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

3

**III.     Discussion**

Plaintiff contends that the ALJ erred in evaluating the State agency psychologists' opinions and assessing Plaintiff's mental RFC. Specifically, Plaintiff asserts, "[w]hen compared to the opinions offered by the State agency psychological experts, the ALJ's determined RFC is less restrictive than those of [the State agency psychological experts]." (Doc. #8, *PageID* #1023). Plaintiff further argues that, while the ALJ found the State agency psychologists' opinions "collectively, generally persuasive" and consistent and supported by the record, she adopted—without explanation—a mental RFC with less restrictive limitations. (Doc. #8, *PageID* #s 1025-26). The Commissioner maintains that "the ALJ properly considered the record as a whole, evaluated the opinions in accordance with the appropriate regulations, and incorporated the limitations supported by the record into the RFC finding." (Doc. #10, *PageID* #1031).

Since Plaintiff filed her application after March 27, 2017, it is governed by the relatively new regulations describing how evidence is categorized, considered, and articulated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c (2017). A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A plaintiff's RFC assessment must be based on all the relevant evidence in her case file. *Id*. The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering

4

medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." § 404.1520c(c)(1)–(5).

Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered. § 404.1520c(b)(2). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. § 404.1520c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. § 404.1520c(c)(2). An ALJ may discuss how he or she evaluated the other factors but is generally not required to do so. § 404.1520c(b)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

In this case, Plaintiff asserts that the ALJ erred in her review of the opinions provided by the state agency reviewing psychologists, Karla Delcour, Ph.D., and Audrey Todd, Ph.D. (Doc. #8, *PageID* #s 1023-27).

Dr. Delcour reviewed Plaintiff's records in July 2020. (Doc. #7-3, *PageID* #s 94-95). She found that Plaintiff is moderately limited in her ability to work in coordination with or in proximity to others without being distracted by them. *Id.* at 94. Additionally, Dr. Delcour opined that, while Plaintiff could "perform short cycle tasks where there are no strict production standards or quotas to be met or fast pace demand," she would be able to do those tasks "where [s]he can work away from others." *Id.* Plaintiff could "interact with the general public on occasion but with few, familiar others on a regular basis," and she was "limited to superficial interactions." *Id.* at 95. Dr. Todd reviewed Plaintiff's records in December 2020 and agreed with Dr. Delcour's assessment. *Id.* at 104-05.

The ALJ found the opinions of Dr. Delcour and Dr. Todd to be "generally persuasive." (Doc. #7-2, *PageID* #52). She concluded that Dr. Delcour's and Dr. Todd's opinions were consistent and supported with the record evidence, particularly the limitations in concentration, persistence, pace, and social interaction. *Id*. However, although the ALJ found Dr Delcour's and Dr. Todd's opinions "generally persuasive," she did not "adopt the prior mental findings verbatim." *Id.* The ALJ then determined Plaintiff's mental RFC as "the [Plaintiff] could perform short cycle tasks where there are no strict production standards or quotas or fast-paced demand. She could interact with the general public, coworkers, and supervisors on an occasional basis, without tandem tasks and without over the shoulder supervision." (Doc. #7-2, *PageID* #43, 52).

6

As noted above, Plaintiff argues that the ALJ erred in her evaluation of Dr. Delcour's and Dr. Todd's opinions. She contends that, while the ALJ found their opinions "collectively, generally persuasive" and consistent and supported by the record, she adopted, without explanation, a mental RFC with less restrictive limitations. (Doc. #8, *PageID* #s 1025-26). Specifically, Plaintiff asserts that the ALJ erred in "omitting without explanation a need for superficial workplace interactions between Plaintiff and others, a requirement that work needed to be performed away from others, and a need for Plaintiff's regular interaction to be limited with only a few familiar others." *Id*.

The Commissioner disagrees, asserting that "substantial evidence supports the ALJ's evaluation of the prior administrative medical findings" and that the ALJ's survey of the record as a whole, adaptation of the mental limitations into vocationally-relevant terms, and accounting for qualitative social limitations with "without tandem tasks" and "without over-the-shoulder supervision" affirms the ALJ's non-disability finding. (Doc. #10, *PageID* #s 1031, 1037-40).

There are two primary differences between the limitations opined by Dr. Delcour and Dr. Todd and the ALJ's RFC. First, while the ALJ limits Plaintiff to jobs where she performs short cycle tasks with no strict production standards or quotas or fast-paced demand, there is no provision for Plaintiff to work away from others. (Doc. #7-2, *PageID* #43). Second, the ALJ's RFC does not limit Plaintiff to superficial interactions, only indicating that her interactions be occasional with the public, coworkers, and supervisors. *Id*. Accordingly, the undersigned finds that Dr. Delcour's and Dr. Todd's opined limitations are greater than those set forth by the ALJ.

Yet, as the Commissioner correctly observed, the ALJ is not required to fully accept opined limitations in the RFC. (Doc. #10, *PageID* #1037) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("Although the ALJ may not substitute his opinion for that of a physician, he is not

7

required to recite the medical opinion of a physician verbatim in his residual functional capacity finding."). However, while an ALJ is under no obligation to mirror a medical opinion verbatim, she does have an obligation to "meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); *see also Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). In this case, as noted above, Dr. Delcour and Dr. Todd opined that Plaintiff would need to work away from others and have superficial interactions with others. (Doc. #7-2, *PageID* #s 94-95, 104-05). The ALJ, in turn, found the mental limitations in social interaction described in their findings to be "consistent with the evidence of record" and "supported by the evidentiary record," but failed to explain why certain social interaction limitations—Plaintiff's need to work away from others and limit to superficial interactions—were not included in the RFC. (Doc. #7-2, *PageID* #52). Therefore, Plaintiff's argument that the ALJ's RFC was less restrictive then opined medical limitations without explanation is well-taken.

      The Commissioner contends that the "without tandem tasks" and "without over-the-shoulder supervision" restrictions in the ALJ's RFC sufficiently account for qualitative social limitations. (Doc. #10, *PageID* #s 1039-40) (citing *Jared W. v. Comm'r of Soc. Sec.*, 2023 WL 1960600, at *3 (S.D. Ohio Feb. 13, 2023)). However, courts have found both that "without tandem tasks" and "without over the shoulder supervision" when solely paired with "occasional interactions with the public, coworkers, and supervisors" do not account for the qualitative social

8

limitation encompassed by "superficial interactions." See *Collins v. Comm'r of Soc. Sec.*, No. 2:17-cv-1028, 2019 WL 1512539, at *5 (S.D. Ohio Apr. 8, 2019) (Deavers, M.J.), *report and recommendation adopted*, No. 2:17-cv-1028, 2019 WL 1858823 (S.D. Ohio Apr. 25, 2019) (Marbley, D.J.); *Hague v. Comm'r of Soc. Sec.*, No. 2:18-cv-419, 2019 WL 4071718, at *3 (S.D. Ohio Aug. 28, 2019) (Morrison, D.J.).

Furthermore, the Commissioner asserts that "the ALJ provided a reasoned explanation for the limitations included in the RFC" when reviewing the decision as a whole. (Doc. #10, *PageID* #1037-38). However, the ALJ erred in failing to sufficiently explain the supportability and consistency factors as required by 20 C.F.R. § 404.1520c(b)(2) when evaluating the persuasiveness of Dr. Delcour's and Dr. Todd's opinions and, more specifically, the mental limitations outlined within them. *See* 20 C.F.R. § 404.1520c(b)(2) ("[W]e *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your determination or decision.") (emphasis added). Although the ALJ discusses consistency and supportability, she failed to sufficiently explain how their opinions and mental limitation findings are "consistent with the evidence of record" and "supported by the evidentiary record" yet some mental limitations are not included in Plaintiff's mental RFC. (Doc. #7-2, *PageID* #52). Indeed, her conclusion that their opinions and mental limitations are "consistent" with and "supported" by the evidentiary record, yet are not adopted verbatim, suggests that there is some evidence that is not consistent or supported within the opinions or mental limitations. However, the ALJ failed to identify any specific evidence that is not consistent with or supported by their opinions in her analysis that would explain her exclusion of "superficial interactions" and "work needed to be performed away from others." The ALJ's failure to sufficiently explain her analysis of the consistency and supportability of Dr. Delcour's and Dr. Todd's opinions, as mandated by 20

9

C.F.R. § 404.1520c(b)(2), constitutes error. 20 C.F.R. § 404.1520c(b)(2); *see Warren I. v. Comm'r of Soc. Sec.*, 2021 WL 860506, at *8 ("An ALJ must "set forth a 'minimum level of articulation'" as to how she considered the supportability and consistency factors for a medical's source's opinion.").

Finally, the Commissioner argues that the ALJ merely "convert[ed] a medical opinion into more vocationally well-defined terms" as permitted to "pose a hypothetical limitation to a vocational expert." (Doc. #10, *PageID* #s 1038-39) (citing *Cox. v. Comm'r of Soc. Sec.*, No. 1:21-cv-01250, 2022 WL 6255603, at *15 (N.D. Ohio July 29, 2022) (Knapp, M.J.), *report and recommendation adopted*, No. 1:21-cv-1250, 2022 WL 4102741 (N.D. Ohio Sept. 8, 2022) (Gaughan, C.J.) (citation omitted)). Yet, as explained above, "without tandem tasks" and "without over the shoulder supervision" do not account for the qualitative social limitation of "superficial interactions"; thus, a conversion of Dr. Delcour's and Dr. Todd's limitations into "vocationally-relevant terms" fails to adequately explain why the ALJ did not incorporate limitations she found to be supported and consistent with the evidentiary record. The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports her decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough

written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

## IV. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

11

contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations, and any decision adopting this Report and Recommendations; and

4. The case be terminated on the Court's docket.

July 18, 2024                                              *s/Peter B. Silvain, Jr.*
                                                           Peter B. Silvain, Jr.
                                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).