**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALLYSON F.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:23-cv-3166** |
| **v.** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **COMMISSIONER OF THE SOCIAL** | : | |
| **SECURITY ADMINISTRATION,** | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This issue is before this Court on Defendant's Objection to the Magistrate Judge's Report & Recommendation ("R&R") and Plaintiff's response thereto. For the reasons that follow, Defendant's Objection is **OVERRULED,** and the case is **REMANDED** to the Commissioner.

## I.        BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits with the Social Security Administration on May 1, 2020, alleging that she is disabled due to the following impairments: "fibromyalgia, spinal stenosis, attention deficit hyperactivity disorder (ADHD), depression, anxiety, myofascial pain syndrome, headaches, Cluster B personality – most likely Borderline Personality, herniated disc, and degenerative disk disease." (ECF No. 7-6 at 5). Plaintiff's application was denied initially and also upon reconsideration, after which she requested a hearing before an Administrative Law Judge ("ALJ"). (ECF No. 7-2 at 16).

Following the hearing, the ALJ issued a written decision (*id.* at 16-36), addressing the five-step analysis required by the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ concluded that while Plaintiff had several severe impairments, she did not have an impairment or

combination of impairments that meets or equals the severity of one of the Commissioner's Listing of Impairments. (*Id.* at 20). The ALJ then determined Plaintiff's Residual Functional Capacity ("RFC"), or the most she could do despite her impairments. With respect to Plaintiff's mental RFC, which is the only portion at issue here, the ALJ relied on the "generally persuasive" conclusions of two state agency reviewing psychologists. (*Id.* at 31). Both psychologists concluded that Plaintiff could "perform short cycle tasks where there are no strict production standards or quotas to be met or face pace demand," but that she would be able to do these tasks "*where [s]he can work away from others*." (ECF No. 7-3 at 94 (emphasis added)). The psychologists also opined that Plaintiff could "interact with the general public on occasion but with few, familiar others on a regular basis," and she was "*limited to superficial interactions*." (*Id.* at 95 (emphasis added)). In turn, the ALJ noted that she was not adopting these assessments verbatim and concluded that Plaintiff "could perform short cycle tasks where there are no strict production standards or quotas or fast-paced demand. She could interact with the general public, coworkers, and supervisors *on an occasional basis, without tandem tasks and without over the shoulder supervision*." (ECF No. 7-2 at 22 (emphasis added)). Based on Plaintiff's RFC, the ALJ concluded that she could perform a significant number of jobs that exist in the national economy and, therefore, was not under a benefits-qualifying disability since the day her application was filed. (*Id.* at 40, 43).

Plaintiff sought review of the ALJ's decision, but the Appeals Council issued a notice declining review (*id.* at 2-4), which made the ALJ's decision the final decision of the Commissioner. She then filed a Complaint (ECF No. 5) and Statement of Specific Errors (ECF No. 8) with this Court, alleging that the ALJ committed error when establishing the contours of Plaintiff's mental RFC. The Magistrate Judge considered Plaintiff's Statement of Specific Errors

and Defendant's Response thereto (ECF No. 10) and recommended that this Court vacate the Commissioner's non-disability finding and remand the case to the Social Security Administration for further consideration based on three errors in the ALJ's reasoning.  (ECF No. 11 at 7).  Specifically, the ALJ identified two primary differences between the limitations opined by the psychologists and the RFC: (1) the ALJ did not include a provision requiring that Plaintiff work away from others; and (2) the ALJ did not limit Plaintiff to superficial interactions.  In the Magistrate Judge's view, excluding these limitations, without explanation, was error.  The Magistrate Judge also concluded that the ALJ insufficiently evaluated the required supportability and consistency factors with respect to the psychologists opinions, noting only that they were "consistent with the evidence of record" and "supported by the evidentiary record," but not adopting them wholesale. (*Id.* at 9).  Defendant objected to the Magistrate Judge's R&R only with respect to the ALJ's exclusion of the "superficial" language (ECF No. 12) and Plaintiff responded to Defendant's Objection (ECF No. 13).  The matter is now ripe for review.

## II.     STANDARD OF REVIEW

Upon receiving an objection to a Magistrate Judge's R&R, this Court must "make a *de novo* determination of those positions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). This Court's review, however, is "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence has been defined as "evidence that a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir.

2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The threshold for substantial evidence is not high and is met so long as there is more than a scintilla of support. *Biestek v. Berryhill*, 587 U.S. 97 (2019).

Even if the substantial evidence standard is met, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right," *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)), because "[a]n ALJ's failure to follow an agency's rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified on the record," *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

## III.    LAW & ANALYSIS

Because Defendant only objected to the Magistrate Judge's conclusion that the ALJ failed to explain her decision to exclude the phrase "superficial interactions" from the RFC, this Court reviews only that conclusion *de novo*.  Remand on that ground is appropriate because the ALJ deemed the psychologists' conclusions generally consistent and supported but did not even attempt to explain whether her choice of specific language was a departure from the psychologists' recommended limitations and, if so, why.

The formulation of an RFC is a task left to the Commissioner and the ALJ was not obligated to adopt the psychologists' opined limitations verbatim.  *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).  But where "the ALJ assigns significant weight to a particular opinion and states it is consistent with the record, [s]he must incorporate the opined limitations or provide an explanation for declining to do so." *Cooper v. Comm'r of Soc. Sec.*, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018), *report and recommendation adopted*, 2019 WL 95496 (S.D. Ohio

4

Jan. 3, 2019) (citing *Queen v. Comm'r of Soc. Sec.*, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation," without explanation, from an opinion he had assigned great weight)); *see also Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017), *report and recommendation adopted*, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) ("An ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably.").

Here, despite concluding that the psychologists' opinions were generally persuasive (ECF No. 7-2 at 31), the ALJ failed to explain why she limited Plaintiff to "occasional" interactions with "the general public, coworkers, and supervisors," "without tandem tasks and without over the shoulder supervision," instead of adopting the psychologists' proposed restriction of "superficial interactions." First, although the terms "occasional" and "superficial" are not inconsistent, this Court does not view them as so interchangeable that the use of one, instead of the other, need not be explained. *See Lindsey v. Comm'r Soc. Sec.*, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.").

It is true, as Defendant points out, "that several cases in this District have found no error in an ALJ's limitation to 'occasional' interaction when purporting to adopt an opinion requiring only 'superficial' interaction." *Abigale S. v. Comm'r of Soc. Sec.*, 2024 WL 1181740, at *4 n.4 (S.D. Ohio Feb. 23, 2024), *report and recommendation adopted*, 2024 WL 1173825 (S.D. Ohio Mar. 19, 2024). Last year, Magistrate Judge Litkovitz wrote an extensive R&R explaining why she found an unpublished Sixth Circuit case, *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015), persuasive in its brief analysis that the terms "occasional" and "superficial" are

consistent with one another.  *Stephen D. v. Comm'r of Soc. Sec.*, 2023 WL 4991918, at *8 (S.D. Ohio Aug. 4, 2023), *report and recommendation adopted*, 2024 WL 2204735 (S.D. Ohio May 16, 2024).  This Court, however, is persuaded by Magistrate Judge Vascura's conclusion that while "there is no inconsistency between the two terms," "the problem is rather that a limitation to one does not account for a limitation to the other." *Abigale S.*, 2024 WL 1181740, at *4 n.4.  In other words, "the inconsistency is between a credited medical source's opinion to limit a claimant to superficial interactions and the absence of any RFC limitations to that effect." *Id.*

Second, with the respect to restricting Plaintiff from "tandem tasks" and "over the shoulder supervision," the Commissioner points out that the ALJ *may* have intended these restrictions as a more "pointed and descriptive" version of the superficiality restriction suggested by the psychologists.  (ECF No. 12 at 1).  Indeed, courts in this District have concluded that a "limitation to no tandem tasks is a qualitative limitation on social interaction" such that it "adequately addresses" the opinion of psychologists that a plaintiff ought to "be limited to superficial interaction with others." *Dickinson v. Comm'r of Soc. Sec.*, 2020 WL 4333296, at *12 (S.D. Ohio July 28, 2020), *report and recommendation adopted*, 2020 WL 5016823 (S.D. Ohio Aug. 25, 2020).

But what the Commissioner posits is an impermissible "*post hoc* rationalization" about the basis for the ALJ's RFC determination.  *Queen*, 2017 WL 6523296, at *10.  The issue here is not whether the ALJ is free to convert phrases like "superficial interactions" into more vocationally relevant language.  She certainly is.  *See Paul S. v. Comm'r of Soc. Sec.*, 2023 WL 6389428, at *4 (S.D. Ohio Oct. 2, 2023), *report and recommendation adopted*, 2023 WL 7002734 (S.D. Ohio Oct. 24, 2023) (explaining that "it may fall to the ALJ to 'convert[ ] and incorporate[ ]' the limitations set forth in a medical opinion 'into vocationally relevant terms'") (quoting *Stoodt v.*

*Comm'r of Soc. Sec.*, 2022 WL 721455, at *16 (N.D. Ohio Jan. 13, 2022)).  The issue is that the ALJ did not explain that she was in fact converting the phrase "superficial interactions," nor did she build a logical bridge justifying her decision to do so, such that this Court can evaluate her reasoning.  Even though, on a general level, the ALJ explained that she was not adopting the recommended limitations verbatim, that disclaimer is not the same as explaining her thought process with respect to this specific phrase.  This case is, therefore, different from those in which an ALJ explicitly defined "superficial interactions" in vocational terms.  *See e.g., Dickinson v. Comm'r of Soc. Sec.*, 2020 WL 4333296, at *11 (S.D. Ohio July 28, 2020), *report and recommendation adopted*, 2020 WL 5016823 (S.D. Ohio Aug. 25, 2020) (finding an ALJ's analysis sufficient when he explained that "[t]he undersigned has not adopted the limitation verbatim as it has been determined that 'superficial' is not a vocationally relevant term" but that "this portion of the opinion was addressed by limiting the claimant to occasional interaction with others with no tandem task and no customer service responsibilities.").  Without such an explanation as to whether and/or why she modified the psychologists' language, this Court is "unable to discern from the ALJ's general discussion of [the psychologists'] opinions whether the omission of superficial interaction from the RFC was an intentional implicit rejection of those opinions or a mere oversight," or perhaps a translation of the phrase into something more vocationally relevant.  *Paul S.*, 2023 WL 6389428, at *4.  As a result, the case must be remanded for reconsideration or clarification.

This Court sees no clear error with respect to the Magistrate Judge's other two conclusions—that the ALJ failed to explain her exclusion of the restriction to "working away from others" and failed to sufficiently evaluate the supportability and consistency of the psychologists' opinions—and concludes that, at least in the cumulative, the three errors are not harmless.  Nor

does this Court find error with the Magistrate Judge's conclusion that remand, as opposed to an immediate award of benefits, is appropriate.

## IV.    CONCLUSION

Therefore, this Court hereby **ADOPTS** the Report and Recommendation, **VACATES** the decision of the Commissioner, **REMANDS** under Sentence Four of § 405(g), and **TERMINATES** this case.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: September 4, 2024**